**EAST TEXAS BANK AND TRUST COM- PANY, Appellant,**

v.

**MID–SOUTH CONTRACTORS, INC., Appellee.**

No. 468.

Court of Civil Appeals of Texas, Tyler.

Feb. 26, 1970.

Smead, Roberts, Harbour, Smith, Harris, French & Parker, Earl Roberts, Jr., Longview, for appellant.

No brief filed for appellee.

MOORE, Justice.

Plaintiff, East Texas Bank and Trust Company, sued Defendant, Mid-South Contractors, Inc., alleging that Mid-South failed to pay the bank the sum of $4,737.00 owed Jack Brewer, d/b/a Brewer Tile Company upon a construction contract, as required by the terms of an assignment from Jack Brewer, assigning such amount to the bank to secure the payment of a $6,-809.10 promissory note owed the bank. Appellee, Mid-South answered by a general denial and by sworn pleading alleging that Jack Brewer d/b/a Brewer Tile Company, defaulted, breached, and failed to perform the required services and condition of such contract or account receivable and such failure, breach and non-performance by Jack Brewer, d/b/a Brewer Tile Company, precluded any and all alleged responsibility and/or liabilities, if any, of this Defendant to said Jack Brewer, d/b/a Brewer Tile Company, and his assignee.

Trial was before a jury. After both sides had rested, Plaintiff moved that the cause be withdrawn from the jury and that the court enter judgment in favor of the bank for $4,737.00, together with attorney fees. Mid-South, after confessing liability for the sum of $846.11, presented a similar motion requesting that the court enter judgment for the bank in the amount of $846.11, together with attorney's fees. The trial court denied the plaintiff's motion and granted the defendant's motion and entered judgment in favor of the bank against Mid-South for $846.11, together with a $500.00 attorney fee. Being dissatisfied with the amount of the judgment of the Court, the bank perfected this appeal. For convenience the appellant will be referred to as "the bank" and the appellee as "Mid-South".

Appellant, East Texas Bank and Trust Company, does not seek a reversal and remand for another trial but confines its points of error to the proposition that the trial court erred in limiting its recovery to the sum of $846.11 and in refusing to enter judgment for the bank for $4,737.00, or in the alternative for $3,500.00 for the reason that the appellant was entitled to either of such amounts as a matter of law. In other words the bank seeks only a rendition of whatever amount it is entitled to receive under the undisputed evidence.

Appellee, Mid-South, filed no brief in this case, hence we must accept as true the statements of fact made by the bank, Rule 419 Texas Rules of Civil Procedure; Brehmer v. City of Kerrville, 320 S.W.2d 193 (Tex.Civ.App., San Antonio, 1959, n. w.h.).

The record shows that Jack Brewer, d/b/a Brewer Tile Company, held a subcontract under appellee, Mid-South Contractors, Inc., for the tile work upon a certain building being constructed by Mid-

South. Brewer's contract was in the sum and amount of $4,737.00. On June 12, 1968, Brewer executed a promissory note to the bank in the amount of $6,809.10 and assigned the $4,737.00 due under the subcontract to the bank as security for the note. The bank notified Mid-South of the assignment and Mid-South duly acknowledged same. Mid-South admits that through oversight and mistake it paid Brewer the sum of $846.11 after notice of the assignment and that the bank is entitled to judgment for such amount. Mid-South also admits that subsequent to notice of the assignment, it issued a check to Brewer and Marshall Tile Company in the sum and amount of $2,653.89. According to Mid-South, the reason for making the check payable to both Brewer and Marshall Tile Company was because Marshall Tile Company notified them that Brewer owed that amount on his account for tile used on the job.

 The general rule is that after notice of a valid assignment, payment to the assignor or any person other than the assignee, is at the debtor's peril and does not discharge him from liability to the assignee. 4 Corbin on Contracts, Sec. 890, p. 577; South Texas Lumber Co. v. Concrete Const. Co., 139 S.W. 913 (Tex.Civ.App.); Fidelity & Deposit Co. of Maryland v. Kelsay Lumber Co., 29 S.W.2d 1052 (Tex. Com.App.); Chapman v. Tyler Bank & Trust Company, 396 S.W.2d 143 (Tex.Civ. App., Tyler, 1965, writ ref., n. r. e.).

Since the bank does not seek a remand for another trial, our task is to determine whether or not, under the undisputed evidence, the bank is entitled to a judgment for an amount in excess of that awarded by the trial court as a matter of law, and if so, what amount. As stated, Mid-South confessed judgment on the $846.11 check issued to Brewer after notice of the assignment. As to the $2,653.89 check issued to Brewer and Marshall Tile Company, the evidence conclusively shows that the same was issued after Mid-South

had notice of the assignment. It is undisputed that the funds represented by these two checks were paid Brewer under his subcontract, and Mid-South admits that at the time these payments were made, Brewer was entitled to such amounts for work completed under the contract. Thus, under the undisputed evidence, the bank was entitled to the sum of $3,500.00 by reason of its assignment. By disposing of the funds to the detriment of the bank, Mid-South became liable to the bank for such sums. Consequently, it becomes our duty to render judgment in favor of the bank for both of the unauthorized payments made by Mid-South totaling the sum of $3,500.00. The judgment below is accordingly reformed so as to grant the bank a recovery of the sum of $3,500.00 in lieu of the sum of $846.11. In all other respects the judgment is affirmed.

The judgment will be reformed and as reformed affirmed.