No. 80-151

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

CULBERTSON STATE BANK OF CULBERTSON,
MONTANA, a Montana State Corporation,

Plaintiff and Respondent,

vs.

HAROLD DAHL and GENEVA DAHL, husband
and wife and MAURICE SYTHE,

Defendants and Appellants.

---

Appeal from: District Court of the Seventh Judicial District,
In and for the County of Richland.
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellants:

Bjella, Neff, Rathert & Wahl, Williston, North Dakota
W. Gene Theroux, Wolf Point, Montana

For Respondent:

Garden, McCann, and Schuster, Wolf Point, Montana

---

Submitted on briefs: July 22, 1980

Decided: OCT 22 1980

Filed: OCT 22 1980

Thomas J. Kearney
_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff-respondent, Culbertson State Bank (Bank) brought this action to foreclose a real estate mortgage in the Richland County District Court. The District Court, sitting without a jury, entered judgment in favor of the Bank and a decree of foreclosure, and Harold and Geneva Dahl appeal.

Harold and Geneva Dahl, as makers, executed a $20,000 promissory note to Maurice Sythe, the payee, on February 14, 1974. The Dahls also executed a real estate mortgage in Sythe's favor which was recorded on the same date. The terms of the note specify that it is to be paid in equal annual installments of $4,000 plus 7% interest, payments to commence on February 14, 1975. The note also designates the Culbertson State Bank as the place where payment is to be made. The note was placed in an escrow account with the Bank. The escrow account was opened by Maurice Sythe on May 10, 1974.

Maurice Sythe obtained a $10,000 note from the Bank on November 6, 1974. The note stated that the Bank's security consisted of an "Assignment of Harold Dahl Note." Consistent with this provision, the "Dahl note" was endorsed by Sythe, payable to the Bank.

On March 27, 1975, Bank notified Harold Dahl that the February 14, 1975, payment had not been received on the promissory note held in escrow. Mr. Dahl made a payment of $5,572.50 ($4,000 on the principal) on March 31, 1975, which was to be applied to the note held in escrow. He testified that on March 31, 1975, he told Alan Peterson, Bank's executive vice-president, that he had already paid the $20,000 owing to Sythe. Peterson testified that Dahl had said something about Sythe owing him money but that Dahl had not said anything concerning a belief that nothing was owed to the Bank or Sythe.

$5,000 on principal and $382.64 in interest was credited to Sythe's $10,000 note on March 31, 1975. Sythe obtained a $5,000 note from Bank on April 23, 1975, at which time he told

Alan Peterson that he did not owe Harold Dahl any money. Bank took a written assignment of the Dahl real estate mortgage on this date. The assignment was recorded on January 27, 1976. Bank sent a letter to Harold Dahl on April 23, 1975, informing him that a written assignment of the mortgage was taken. Another letter was sent on January 26, 1976, which informed Dahl that the assignment had been recorded and that a payment was due February 14, 1976.

Bank did not receive any payments from Maurice Sythe on his two $5,000 notes. Harold Dahl also refused to make any further payments on the note which had been assigned to the Bank. The Bank filed a complaint on October 3, 1977, against Harold and Geneva Dahl and Maurice Sythe. Bank was never able to make service of process upon Maurice Sythe. This action came on for trial against Harold and Geneva Dahl on December 19, 1979.

Harold Dahl's defense at trial was that he had paid the note and was discharged from liability. He attempted to show that payments on the $20,000 promissory note had been made directly to Maurice Sythe. He introduced several exhibits in this regard including: a check to Sythe for $9,520 dated March 4, 1975; an $11,800 promissory note from Sythe to himself dated January 1, 1975; and an unnegotiated check dated April 23, 1975, made out by himself and allegedly signed by Sythe for $5,572.50, containing a notation that it was a refund of the payment made by Dahl.

The appellant expended considerable effort at trial in attempting to prove that direct payments had been made to Maurice Sythe, and the respondent devoted a similar effort in attempting to rebut these allegations.

The District Court found that: the $20,000 note was executed on February 14, 1974; a real estate mortgage was executed and recorded on the same date; one of the terms of the promissory note which was incorporated in the mortgage specified the place of payment as the Culbertson State Bank; Maurice Sythe endorsed

the promissory note payable to the Bank and delivered it to the Bank on May 10, 1974; the Bank, for the consideration of the assignment of the note and delivery of the assignment of the mortgage, loaned Maurice Sythe $10,000 on November 6, 1974 and $5,000 on April 23, 1975; the Bank is the lawful "owner and holder" of all the notes and the mortgage; Harold and Geneva Dahl have paid only $4,000 on the note assigned to the Bank; $11,000 with interest from March 31, 1975 is now due and owing from Harold and Geneva Dahl to the Bank; and the Bank has incurred attorney fees in enforcing the collection of the note. The District Court concluded that all of the terms and conditions of the note had been broken by the makers and that the Bank was entitled to have the mortgage enforced and foreclosed and to receive attorney fees.

On appeal, the appellant contends that the District Court erred in admitting correspondence which the Bank received from Maurice Sythe under the "business records" exception to the hearsay rule. It is also contended that there is insufficient evidence to support the judgment.

With regard to appellant's contention that there is insufficient evidence to support the judgment, we find the Uniform Commercial Code controlling. The District Court properly found that the Bank was a "holder" of the promissory note, since it was in possession of the note which was endorsed by Maurice Sythe. Section 30-1-201(20), MCA. As a result of Bank's status as a "holder" and its production of the instrument, it is entitled to recover unless the defendant establishes a defense. Section 30-3-307(2), MCA.

As previously stated, appellant's sole defense was his assertion that liability had been discharged by payments allegedly made directly to Maurice Sythe. However, the affirmative defense of payment only discharges the maker's liability on the instrument under section 30-3-603, MCA, if payment is made to the "holder." The appellant never attempted to prove that payment

- 4 -

was made to the "holder. He instead attempted to prove that payments were made to Maurice Sythe, the original payee. Thus, even had the court determined that payments had been made to Sythe, the appellant would not have been discharged from liability on the instrument. In short, the appellant failed to establish a valid defnse and the Bank was entitled to recover under section 30-3-307(2), MCA.

Since the Bank is the holder of the note and a valid assignee of the mortgage which secures the note, it is entitled to a decree of foreclosure to the extent of the debt due and owing on the date of commencement.

Appellant also asserts that the District Court erred in admitting correspondence received from Maurice Sythe which generally denied that Dahl had made any payments directly to him. The two letters which were admitted under the "business records" exception to the hearsay rule, over objection, were solicited by the Bank in an effort to collect Sythe's note and to obtain information concerning Dahl's allegations of payment. We need not address this issue on the merits, since the evidence could have no effect on the outcome of the litigation. The effect of the letters was to rebut the appellant's defense of payment to a person--not a "holder." As previously stated, this was not a valid defense and even if we were to find error, it would be error not affecting "a substantial right of the party," Rule 103(a), Mont.R.Evid., i.e. it would not be reversible error.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

- 5 -

John C. Sheehy
Justices