208 N.J. Super. 639 (1986)
506 A.2d 803
FRED BRYEN, TRUSTEE, AND/OR FRED BRYEN, ASSIGNEE, PLAINTIFF-RESPONDENT,
v.
JORDAN KRASSNER, DEFENDANT-APPELLANT.
FRED BRYEN, TRUSTEE, AND/OR FRED BRYEN, ASSIGNEE, PLAINTIFF-RESPONDENT,
v.
STANLEY RAVITZ AND EDWARD RAVITZ, INDIVIDUALLY, AND T/A TRIPLE R LEASING, A GENERAL PARTNERSHIP OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 24, 1986.
Decided March 17, 1986.
*640 Before Judges FURMAN, PETRELLA and ASHBEY.
David A. Luthman argued the cause for appellants (Toll, Sullivan & Luthman, attorneys).
Peter R. Sarasohn argued the cause for respondent (Ravin, Sarasohn, Cook, Baumgarten & Fisch, attorneys; Peter R. Sarasohn, Bernard Schenkler and Ira M. Levee, on the brief).
The opinion of the court was delivered by FURMAN, P.J.A.D.
*641 Both defendants appeal from summary judgments against them in actions on promissory notes held by plaintiff as trustee. The appeals were consolidated. Because by stipulation the issues are identical, the briefs deal only with defendant Krassner's promissory note payable to the order of Kennedy Investors.
We reverse and remand. Palpably, issues of fact precluded summary judgment. One such fact issue was whether Kennedy Investors assigned or negotiated the Krassner note to plaintiff as trustee for 15 beneficiaries, who had been creditors of Kennedy Investors and agreed to cancellation of the antecedent debts to them in exchange for undivided beneficial interests in the Krassner note. Specifically, the fact issue was whether the transfer document from Kennedy Investors to plaintiff was "so firmly affixed [to the note] as to become a part thereof," a prerequisite for negotiation under N.J.S.A. 12A:3-202 of the Uniform Commercial Code if what purports to be endorsement is on a separate paper. No fact finding on that issue was reached below in the light of plaintiff's attorney's concession during oral argument of his motion for summary judgment that there had been no endorsement of the note, rather an assignment: "... [w]e're not talking about an endorsement on a piece of paper that's attached to the document."
Despite that concession by plaintiff, the trial judge reached a dual holding: that the 15 beneficiaries were holders in due course not subject to Krassner's defenses on his note; and that there was no factual support in the record for the defenses which Krassner pleaded: fraud in the inducement and material misrepresentations. In our view, the trial court was wrong on the law defining holder in due course and on the facts relevant to Krassner's defenses.
The 15 beneficiaries were not holders in due course because they were not holders even if factually the transfer document was firmly affixed to the note and, thus, met the *642 statutory definition of endorsement. N.J.S.A. 12A:1-201(20) defines a holder as someone in possession, which the 15 beneficiaries were not.
The trial judge combined plaintiff's holder status with the various indicia of holder in due course status, N.J.S.A. 12A:3-302, of the 15 beneficiaries: they gave value by releasing antecedent debts; they were in good faith and without notice of Krassner's defenses. Plaintiff, conversely, gave no value and, according to Krassner's contentions, was in bad faith and on notice of Krassner's defenses.
We are cited no statutory or decisional law supporting the determination of holder in due course status by combining a trustee's status as holder with his beneficiaries' payment or other giving of value, their good faith and their lack of notice of defenses. Such a result would thwart justice under the circumstances, if established, that the trustee knew that the beneficiaries were releasing credits of value against an entity in which he had a financial interest in exchange for a note subject to defenses of which they were unaware. It would conflict with the principle of trust law that a trustee is obligated to make full disclosure of all facts known to him respecting the trust which are material for the protection of the beneficiary's interests, Carlsen v. Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 341 (1979); Branch v. White, 99 N.J. Super. 295, 307 (App.Div. 1968) certif. den. 51 N.J. 464 (1968).
As for Krassner's defenses of fraud in the inducement and material misrepresentations, there are at the best for plaintiff unresolved fact issues which should have barred summary judgment in favor of a holder not a holder in due course. We recognize that Krassner below did not spell out in detail the factual underpinning for his defenses, apparently because the entire thrust of plaintiff's motion for summary judgment was that he and the beneficiaries together enjoyed holder in due course status, until that claim was apparently abandoned at oral argument.
*643 It is not disputed that Krassner gave the note to Kennedy Investors as an investment in a tax shelter on advice from his accountants Bryen and Bryen, of which firm plaintiff was a partner. Krassner understood that he was purchasing two units of a newly formed limited partnership, which was to provide working capital for Kennedy Mortgage Company in exchange for rights in mortgages held by that company. Within about half a year, Kennedy Mortgage Company filed for bankruptcy. Krassner's contention is that his investment was worthless; that an investment in a tax shelter, see Austin v. Loftsgaarden, 675 F.2d 168, 182 (8 Cir.1982), is not in contemplation of a total loss; and that Bryen and Bryen fraudulently induced his investment in its own financial interests. His factual position is that there was an intertwining of ownership of Kennedy Mortgage Company, Kennedy Investors, the newly formed limited partnership and Bryen and Bryen; that Kennedy Investors, in which Bryen and Bryen had an interest and whose notes it had guaranteed, was a creditor of Kennedy Mortgage Company and that an infusion of capital staving off financial collapse of Kennedy Mortgage Company promoted the financial interests both of Kennedy Investors and Bryen and Bryen.
Our function on appeal from summary judgment is not to resolve disputed facts. To reverse and remand, it is sufficient to conclude from the record, as we do, that factual questions were open and unresolved. We cannot conclude that the only reasonable result a trier of fact could reach was that Krassner was not induced by his accountants to make an investment resulting in undisclosed shared financial gain to his accountants and the payee of the note to Krassner's potential detriment. We hold that the defenses of fraud in the inducement and material misrepresentations should not have been barred as a matter of law.
We reverse and remand for further proceedings not inconsistent herewith. We do not retain jurisdiction.