**The BOC GROUP, INC., Appellant,**

**v.**

**KATY NATIONAL BANK, Appellee.**

**No. A14–86–391–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 1986.

David B. Sterling, Houston, for appellant.

Joe E. Turner, Katy, Samuel J. Miller, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a summary judgment finding appellant, The BOC Group, Inc., liable for wrongful payments made under a promissory note. The issues presented for review are whether the appellee provided sufficient notice of assignment and whether appellee's inaction invalidated the assignment. We affirm the judgment of the trial court.

The facts are not in dispute. On January 1, 1977, Airco, Inc., the corporate predecessor to The BOC Group, Inc. (BOC), executed a promissory note payable to Elizabeth Newman DeJean. Beginning in 1982 Charles and Elizabeth DeJean executed a series of promissory notes payable to appellee, Katy National Bank (Katy). As collateral for these promissory notes Mrs. DeJean assigned the Airco note to Katy.

In March 1982 appellant received a letter from appellee stating that Mrs. DeJean had assigned her note to Katy. The letter directed BOC to make all further remittances payable to appellee. Also included with the letter was a copy of a "Collateral Transfer of Note (Security Agreement)" which was properly executed and acknowledged. Appellant's staff attorney wrote appellee that BOC would not make any payments to Katy until it received written direction for payment from Mrs. DeJean.

BOC received no further communication from appellee until July 1984. During this period, March 1982 to July 1984, appellant made ten payments under the promissory note to Mrs. DeJean. In July 1984 appellee inquired as to the current unpaid balance of the note and the date of the next payment.

On April 17, 1985, appellee filed suit against the DeJeans for defaulting on a promissory note and BOC for wrongful payments under the Airco promissory note. Katy moved for summary judgment against BOC and the DeJeans. BOC filed a cross-motion for summary judgment against Katy. The trial court denied BOC's motion and granted Katy summary judgment against BOC and the DeJeans. BOC then brought this appeal.

In its first point of error appellant complains that the trial court erred in granting summary judgment because appellee failed to provide proof, as requested, of its right to payment under the Airco note. In support of this point, appellant relies upon § 9.318(c), Tex.Bus. & Com.Code Ann. (Tex.UCC) (Vernon Supp.1986), which provides:

> The account debtor is authorized to pay the assignor until the account debtor receives notification that the amount due or to become due has been assigned and that payment is to be made to the assignee. A notification which does not reasonably identify the rights assigned is ineffective. If requested by the account debtor, the assignee must seasonably furnish reasonable proof that the assignment has been made and unless he does so the account debtor may pay the assignor.

Appellant asserts that because BOC asked for additional proof and appellee failed to respond the notice of assignment was insufficient. We disagree.

The defenses outlined in Tex.Bus. & Com.Code Ann. § 9.318 (Tex.UCC) (Vernon Supp.1986) are only available to an "account debtor." As defined in § 9.105(a)(1), Tex.Bus. & Com.Code Ann. (Tex. UCC) (Vernon Supp.1986), an account debtor "means the person who is obligated on an account, chattel paper or general intangible." In oral argument appellant admitted the Airco note does not fall within any of these classifications and asked this court to apply this section by analogy. While we decline to apply this section to facts before us, we note that even if we were to apply this section the result would be the same.

Texas courts have long recognized the common law right of debtors to require proof of an assignment from a purported assignee when no proof was originally supplied. *See Cartledge v. Sinclair Refining Co.,* 280 S.W.2d 312 (Tex.Civ.App.—Austin 1955, no writ). The March 11, 1982, letter from Katy to appellant identified the par-

ties, identified the Airco note by principal amount and amount to become due, noted an assignment was made, and directed all future payments be made to Katy. The Collateral Transfer of Note (Security Agreement), which was signed by Mrs. De-Jean and properly acknowleged by a notary public, also identified the Airco note, the parties and the rights of the parties.

In particular, the Collateral Transfer of Note (Security Agreement) supplied written authorization for Katy to collect sums becoming due under the Airco note prior to appellant's request for a written direction from Mrs. DeJean. The Collateral Transfer of Note (Security Agreement) signed by Mrs. DeJean specifically stated:

> Debtor [Mrs. DeJean] authorizes Secured Party [Katy National Bank], at Secured Party's option, to collect and receipt for any and all sums becoming due upon the COLLATERAL, such sums to be held by Secured Party without liability for interest thereon and applied toward the payment of the note hereby secured as when the same become payable, and Secured Party shall have the full control of the COLLATERAL and the liens securing the same until the note hereby secured is fully paid and shall have the further right to release the lien or liens securing the COLLATERAL upon the full and final payment thereof to Secured Party, but Secured Party is under no obligation to make or enforce the collection of the COLLATERAL and the failure of Secured Party from any cause to make or enforce the collection thereof shall not in any way prejudice the right to Secured Party to thereafter make or enforce collection thereof or in any way affect the indebtedness to Secured Party hereby secured.

Therefore, we find the March 11, 1982, letter directing all future payments be made to Katy together with the Collateral Transfer of Note (Security Agreement) was sufficient to put appellant on notice that the note had been assigned. Appellant's first point of error is overruled.

Next, appellant maintains that even if the notice of assignment was sufficient, appellee's inaction between March 1982 and July 1984 invalidated the assignment. In support of this point appellant cites *Estate of Haas v. Metro-Goldwyn-Mayer, Inc.,* 617 F.2d 1136 (5th Cir.1980).

The facts of the *Metro-Goldwyn-Mayer* case are clearly distinguishable from the facts before us. First, in *Metro-Goldwyn-Mayer* the notice of assignment was *not* coupled with a demand for payment. In addition, the demand for payment was *not* made prior to payment to the assignor. Further, the court relied upon Uniform Commercial Code § 9.318 defenses. We find the *Metro-Goldwyn-Mayer* case inapplicable.

Appellant admits the general rule is that payments made by a debtor after receiving notice of a valid assignment do not discharge the debtor from liability to the assignee. *East Texas Bank & Trust Co. v. Mid-South Contractors, Inc.,* 451 S.W.2d 782 (Tex.Civ.App.—Tyler 1970, no writ). In this case appellant asserts it *could* have demanded exhibition of the Airco note to prove the right to payment. However, since appellant chose not to do so, but instead chose to pay the assignor, Mrs. DeJean, appellant made the note payments at its own peril. Appellant failed to discharge any liability under the note. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.