**M & I MARSHALL & ILSLEY BANK, Plaintiff,**

v.

**NATIONAL FINANCIAL SERVICES CORPORATION, Defendant and Third–Party Plaintiff,**

**Patrick J. Doherty, Third–Party Defendant.**

No. 88–C–120.

United States District Court, E.D. Wisconsin.

Feb. 7, 1989.

Howard, Peterman, Solocheck, Grodin & Nashban by C. Scott Pryor, Milwaukee, Wis., for plaintiff.

Whyte & Hirschboeck by Thomas M. Pyper, Madison, Wis., for defendant and third-party plaintiff.

William A. Pangman & Associates by Joseph F. Owens, Waukesha, Wis., for third-party defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

In this diversity action for recovery on a dishonored check, the plaintiff, M & I Marshall & Ilsley Bank (M & I), a Wisconsin corporation, has filed a motion for summary judgment. The defendant, National Financial Services Corporation (NFS), a foreign corporation with its principal place of business in Massachusetts, has responded by filing a cross motion for summary judgment and a memorandum in opposition to the plaintiff's motion. The plaintiff, however, has both failed to reply to the defendant's opposition to its motion and failed to oppose the defendant's motion for summary judgment. For reasons stated herein, the defendant's motion for summary judgment will be granted.

The court notes that the summary judgment motions before the court address only the dispute between M & I and NFS and do not reach the claims by NFS, as third-party plaintiff, against Patrick J. Doherty, the third-party defendant. The granting of NFS' motion to dismiss M & I's action leaves NFS' action against Mr. Doherty pending.

The basic facts are not in dispute. On December 10, 1987, NFS issued a check to Patrick J. Doherty for $62,812.36, to be drawn on its account at the Bank of New England. The next day, Mr. Doherty deposited the check in one of two accounts that he maintained at M & I Bank and received $1350 in cash over the counter. At that time, Mr. Doherty had an overdraft balance totaling over $90,000. The M & I Bank, therefore, froze Mr. Doherty's accounts and informed him that it had exercised its right of off-set and applied the deposited funds to the overdraft balance. On December 14, 1987, Mr. Doherty requested that NFS stop payment on the check and issue him another check for an equal amount. Although NFS agreed to stop payment, it refused to issue a second check until it received possession of the first check and confirmation that the first check had not been paid.

When M & I sent the deposited check to the Bank of New England, the check was sent back to M & I stamped "payment stopped". Upon receipt of the returned check, M & I forwarded the check to Mr. Doherty, who, in turn, forwarded the check to NFS. Upon regaining possession of the check, NFS confirmed with the Bank of New England that the check had not been paid. NFS has since retained possession of the original check. On December 23, 1987, NFS issued a new check to Mr. Doherty.

A motion for summary judgment must be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. The purpose of the rule is to avoid unnecessary trials in cases that have no genuine factual issues in dispute. *Jakubiec v. Cities Service Co.,* 844 F.2d 470, 471 (7th Cir.1988).

> The party that bears the burden of proof on a particular issue at trial, however, cannot resist a motion for summary judgment by resting on its pleadings. Rather, the party must "affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard* [*v. Whitley County REMC*] 840 F.2d [405] at 410 [ [(7th Cir.1988) ] (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (emphasis in original). Whether a fact is considered material depends on the underlying law. *Walter v. Fiorenzo,* 840 F.2d 427, 434 (7th Cir.1988).

*U.S. v. Lair,* 854 F.2d 233, 235 (7th Cir. 1988).

In the case at bar, the plaintiff asserts that it may properly recover from the defendant the amount of the stopped check because it is either a holder in due course, or in the alternative, a mere holder. Wis.

Stat. §§ 403.301, 403.302. The plaintiff asserts no other basis for a cause of action against the defendant. However, the defendant, by its unopposed motion, argues that it is entitled to summary judgment because the plaintiff does not qualify as a mere holder as a matter of law, and, therefore, is also precluded from asserting the status of a holder in due course.

In order to establish a claim as a holder in due course, the plaintiff must first qualify as a holder. *Schneider Fuel v. West Allis Bank,* 70 Wis.2d 1041, 1051, 236 N.W.2d 266 (1975); *see also* J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 14–3 (2d ed. 1980). A "holder" is defined as "a person who is in possession of ... an instrument...." Wis.Stat. § 401.201(20). To qualify as a holder, M & I must be in possession of the stopped check. *Schneider, supra,* 70 Wis.2d at 1052, 236 N.W.2d 266; *accord Hanalei BRC Inc. v. Porter,* 760 P.2d 676, 679 (Haw.Ct.App.1988)("possession is requisite to the status of a holder"); *Guaranty Federal Savings & Loan Assn. v. Horseshoe Operating Co.,* 748 S.W.2d 519, 526 (Tex.Ct.App.1988) ("a holder is a person in possession of an instrument"); *Lambert v. Barker,* 232 Va. 21, 348 S.E.2d 214 (1986) ("a holder is one who is in possession of an instrument"); *Bryen v. Krassner,* 208 N.J.Super. 639, 506 A.2d 803 (App.Div.1986); *Weast v. Arnold,* 299 Md. 540, 474 A.2d 904, 908 (1984); 5 R. Anderson, Anderson on the Uniform Commercial Code § 3–201:5 (3rd ed. 1984).

"The purpose of the possession requirement is to protect the maker or drawer from multiple liability on the same instrument." *Hanalei, supra,* 760 P.2d at 679. The defendant relied on the possession requirement when it refused to issue a second check to Mr. Doherty until it had actual possession of the first check. The defendant properly sought to protect itself from suit by anyone who could claim the status of holder as to the first check after it had issued a second check.

It is undisputed that M & I does not now have possession of the stopped check, nor did it have possession when it commenced this action. Therefore, as a matter of law, the plaintiff cannot claim either holder or holder in due course status. Unable to claim such a status, the plaintiff, on these facts, has no cause of action against the defendant.

Therefore, IT IS ORDERED that M & I Marshall & Ilsley Bank's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that National Financial Services Corporation's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that M & I Marshall & Ilsley Bank's action against National Financial Services Corporation be and hereby is dismissed, with prejudice.

IT IS FURTHER ORDERED that the clerk of this court enter partial judgment in favor of National Financial Services Corporation dismissing the plaintiff's action, with costs.