HON. ROBERT SATTER, JUDGE TRIAL REFEREE.
 

 In this foreclosure action the defendant, George Gonsalves, moves for summary judgment on two grounds: (1) the defendant paid the mortgage debt in full; and, (2) the plaintiff, The Equity Bank (bank), does not have the note and cannot account for its loss.
 

 
 *467
 
 The facts established by the affidavits supporting and opposing the motion are as follows. On May 29,1987, the defendant executed a promissoiy note in favor of Nicola Laurora in the amount of $150,000, secured by a mortgage on property at 274 Silas Deane Highway in the town of Wethersfield. The note provided for monthly payments of interest over its seven year term. The defendant made every monthly interest payment and paid the note in full on May 27, 1994. At that time, Laurora executed a release of mortgage which was recorded in the Wethersfield land records, but the defendant neither asked for nor did Laurora turn over the original note.
 

 On September 21, 1993, during the term of the note, Laurora assigned the mortgage to the bank as collateral security for a loan made by the bank to Laurora. That assignment was recorded in the Wethersfield land records. The bank admits that it never informed the defendant of the assignment or made any demand on the defendant for payments of interest or principal under the mortgage note after the assignment. The bank asserted its right to payment, for the first time when it started this foreclosure action in October, 1995, seventeen months after the maturity date of the note and after the defendant had fully paid the mortgage.
 

 The bank is not able to produce the original note. It presumes it is lost. A bank officer avers that it is the custom, procedure and practice of the bank to obtain and to secure all original documents assigned to the bank as collateral security.
 

 On the issue of the bank’s right to sue on a note it does not now possess, the bank produced a photocopy of the original note with the defendant’s signature on it and established its practice of obtaining the original of such a note assigned to it as collateral security. This creates an issue of fact regarding whether it can account
 
 *468
 
 for the loss of the note in order to sue upon it pursuant to General Statutes § 42a-3-309.
 
 Guaranty Bank & Trust Co.
 
 v.
 
 Dowling,
 
 4 Conn. App. 376, 381-82, 494 A.2d 1216, cert. denied, 197 Conn. 808, 499 A.2d 58 (1985). The defendant’s motion for summary judgment on this ground must, therefore, be denied.
 

 On the issue of payment, the defendant averred that on May 27,1994, he paid the note in full to Laurora and received a release. The bank does not contest this fact. The bank’s sole response is that it was assigned the mortgage by Laurora on September 21, 1993, and, thereby, became its owner. Although the bank admits that it never informed the defendant of the assignment or made any demand on the defendant for payment during the balance of the term of the note or on the note’s maturity date, the bank claims that the recording of the assignment on the land records constituted notice to the defendant of its ownership of the mortgage note and, consequently, the defendant paid Laurora at his peril and that payment cannot be in discharge of the obligation.
 

 The recording of the assignment of mortgage on the land records clearly constitutes notice to “subsequent third parties” as to the ownership of the mortgage note;
 
 Dart & Bogue Co.
 
 v.
 
 Slosberg,
 
 202 Conn. 566, 578, 522 A.2d 763 (1987); because they are obligated to and can rely on the land records to determine ownership of and encumbrances on the subject property. The owner of the property, however, has no obligation or even occasion to check the land records for an assignment of a mortgage he has given. The recording of the assignment, therefore, is not notice to him.
 

 The general rule is that notice to the debtor of an assignment is necessary in order to charge the debtor with duty of payment to an assignee and that if before receiving notice of the assignment, the debtor pays the
 
 *469
 
 debt to the assignor, he is discharged of the debt. 6 Am. Jur. 2d 278, Assignments § 96 (1963).
 

 The requirement as to notice applies, however, to the assignment of nonnegotiable paper. 6 Am. Jur. 2d 280, Assignments § 98 (1963). A mortgage given to secure a negotiable instrument partakes of the negotiable character of the instrument it secures. 55 Am. Jur. 2d 1052-53, Mortgages § 1308 (1971). Such mortgages are governed by the law of negotiable instruments. Id., 1052. “The rule as to the payment and discharge of negotiable instruments is that payment of the bill or note must be made to the rightful holder or his authorized agent. It is payment in due course which discharges an instrument under the NIL [negotiable instrument law], and one of the elements of payment in due course is payment to the holder of the instrument, that is, to the payee or indorsee of the instrument who is in possession of it, or the bearer thereof.” 11 Am. Jur. 2d 1033, Bills and Notes § 983 (1963).
 

 Paying the wrong party does not discharge a negotiable note.
 
 National Credit Union Administration Board
 
 v.
 
 Metzler,
 
 625 F. Sup. 1551, 1553 (E.D. Mo. 1986). Specifically, payment to the assignor of the note does not discharge the debtor from liability to the assignee.
 
 Boc Group, Inc.
 
 v.
 
 Katy National Bank,
 
 720 S.W.2d 229, 231 (Tex. App. 1986).
 

 As for negotiable instruments, notice to the maker of the transfer of the note is not required. The reason given is that the maker can protect himself by demanding production of the instrument and refusing to pay a party not in possession of it.
 
 Lambert
 
 v.
 
 Barker,
 
 348 S.E.2d 214, 216 (Va. 1986).
 

 To this court that reason does not make sense as to a mortgage note payable monthly. A mortgagor cannot be expected every month he makes a payment to ask a mortgagee bank to prove his possession of the note.
 
 *470
 
 Moreover, if the mortgagor pays monthly to the mortgagee a self-amortizing mortgage note to the date of maturity, should not payment in full in that manner fail to be a complete defense to an action by an assignee of the mortgagee who never gave notice of the assignment?
 

 Despite the good sense and fairness of allowing such a defense, the rule appears to be “the maker of a negotiable note secured by a mortgage cannot discharge his liability by payment to one not the holder . . . and a mortgagor is not justified as against an assignee of the mortgage in making payments to a mortgagee who does not have possession of the instrument . . . .” 55 Am. Jur. 2d 1069, Mortgages § 1340 (1971).
 

 Foreclosure is an equitable action, however, and a court can consider all the equities in deciding whether to enter a foreclosure. In the present case, the court would be inclined on that ground to decide for the defendant, but a consideration of all the equities gives rise to questions of fact. Consequently, the court must deny the defendant’s motion for summary judgment.