[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs substituted complaint, filed on August 11, 1999, alleges the following facts. The defendant, Underwriters at Lloyds of London (Lloyds), issued an insurance policy to defendant Basilica Radway and McCarthy (Basilica), covering real property. On March 17, 1997 Basilica sustained an insurable fire loss to the insured property.
Basilica hired the plaintiff, PA Inc., a licensed public adjuster, to assist in the settlement of its fire loss. The plaintiff alleges that Basilica assigned 10 percent of the proceeds from the adjusted insurance settlement to the plaintiff. The plaintiff further alleges that Lloyds was given notice of the assignment and was aware that the plaintiff had a 10 percent interest in any insurance proceeds paid to Basilica. Subsequently, Lloyds issued a negotiable draft to Basilica in settlement of the fire loss without including the plaintiff as a payee on the negotiable draft. The plaintiff alleges in counts two and three that Lloyds intentionally and negligently failed to name the plaintiff as a payee on the negotiable draft issued to Basilica in settlement of the fire loss claim of March 17, 1997.
On August 27, 1999, Lloyds filed a motion to strike counts two and three of the plaintiffs substitute complaint on the ground that the plaintiff alleged insufficient facts to establish that the defendant owed the plaintiff a duty of care. CT Page 16335 Additionally, Lloyds moved to strike the second count on the ground that the plaintiff alleged insufficient facts to establish a reckless misconduct claim. As required by Practice Book §10-42, the defendant filed a memorandum in support of its motion to strike, and the plaintiff timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Internal quotation marks omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
Lloyds moves to strike counts two and three on the ground that the "[p]laintiff has alleged insufficient facts to establish that Lloyds owed Plaintiff a duty of care." "The general rule is that notice to the debtor of an assignment is necessary in order to charge the debtor with duty of payment to an assignee. . . ."Equity Bank v. Gonsalves, 44 Conn. Sup. 464, 466, 691 A.2d 1143
(1996). "Generally, to constitute an assignment there must be a purpose to assign or transfer the whole or part of some particular thing, debt, or chose in action, and the subject matter of the assignment must be described with such particularity as to render it capable of identification." (Internal quotation marks omitted.) Dysart Corp. v. SeaboardSurety Co., 240 Conn. 10, 17, 688 A.2d 306 (1997).
The plaintiff alleges in its second and third count of the substitute complaint that Basilica assigned 10 percent of the insurance proceeds from the March 17, 1997 fire loss to the plaintiff and that Lloyd's received notice of the assignment. In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. The defendant's motion to strike counts two and three of the substitute complaint on the ground that Lloyds' knowledge of the assignment created a duty of payment by Lloyds to the plaintiff is denied. CT Page 16336
Lloyds also moves to strike count two on the ground that the "Plaintiff failed to allege any facts indicating that Lloyds knew or should have known that the injury claimed by Plaintiff was likely to result from Lloyds' failure to name Plaintiff as a payee on the check, an essential element of a claim for reckless misconduct."
"In order to establish that the defendants' conduct was . . . reckless . . . the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . ." (Internal quotation marks omitted.) Elliot v.Waterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998). "The mere use of the word "reckless' and "wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v.Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219
(1985). The plaintiff alleges in its second count of the substitute complaint that Lloyds had knowledge that the plaintiff was an assignee of 10 percent of the insurance proceeds to be paid to Basilica and, therefore, Lloyds had a duty or was obligated to list the plaintiff on any settlement checks issued pertaining to the fire loss of March 17, 1997. Moreover, the plaintiff alleges that Lloyds, with reckless indifference to the plaintiffs right to an assignment of 10 percent of the insurance proceeds, intentionally failed to name the plaintiff as a payee on the negotiable draft issued to Basilica. Viewing the complaint in the light most favorable to the plaintiff, the plaintiff has adequately alleged Lloyds' knowledge of the consequences of its failure to list the plaintiff as a payee. Therefore Lloyds' motion to strike count two of the substitute complaint is denied.
Howard F. Zoarski Judge Trial Referee