[No. 33297. Department One. December 29, 1955.]

CASEY FLEMING, *Appellant*, v. TONY A. AUGUST *et al.*, *Respondents.*[1]

[1]Reported in 291 P. (2d) 639.

*Geo. W. Young*, for appellant.

*Anthony J. Felice*, for respondents.

Schwellenbach, J.—Plaintiff, the assignee of Lincoln Realty, Inc., commenced action on a promissory note, the essential portion of which was:

"$436.27 March 21, 1952
"On June 7, 1952 , without grace we promise to pay to the order of Lincoln Realty, Inc. At Spokane, Washington ...... Four Hundred Thirty Six and 27/100 .... Dollars in lawful money of the United States of America, of the present standard value, with interest thereon, at the rate of ........ per cent, per ............ from .......... until paid, for value received, . . ."

Defendants by answer admitted the execution of the note, but, by way of affirmative defense, alleged a conditional delivery thereof.

At the trial, the plaintiff objected to the introduction of any parol testimony which would tend to vary the terms of the written instrument which was the subject of the action. The trial court tentatively admitted the questioned testimony (in order to assist it in determining whether or not it did vary the terms of the note) and, at the close of all of the testimony, ruled with the defendants.

In order to better understand the problem confronting us in this appeal, we state the facts surrounding the execution and delivery of the note in question. Casey Fleming was one of the incorporators of, and a salesman for, Lincoln Realty, Inc. The company undertook to sell some property for the Augusts. The original listing price was $12,500, with a down payment of $2,500, out of which was to be paid a

commission of five per cent. Fleming obtained a purchaser who made a counter offer of $11,500, with a cash payment of $1,000, $1,500 to be paid in ninety days, and annual payments on the contract to be made thereafter. Fleming wanted his full five per cent commission out of the $1,000.

According to August, he told Fleming that the deal was off. Fleming then came to the house, and August told him that he wanted a cash payment of $2,500. He testified that Fleming said, "This is just like it, you are getting the balance of the down payment." August testified further, "so I told him, under those terms I would go through with the deal, that he would take the rest of his commission when I got the $1,500.00 down payment, which he agreed to."

A couple of days later, they went to the office of Fleming's attorney. August's version was that it was agreed that Fleming would receive $200 on his commission out of the $1,000 payment and the balance of $375 out of the $1,500 to be paid in ninety days. The note in question was then drawn up in the sum of $436.27, which included the balance of the commission of $375 and an insurance premium for a policy of insurance on a different piece of property which the Augusts had purchased. The due date of the note, June 7, 1952, was the date on which the balance of the down payment on the contract ($1,500) was due.

The purchaser did not make the $1,500 payment on June 7th, and the Augusts forfeited the contract.

The trial court limited recovery on the note to $26.17, the amount of the earned insurance premium. It concluded that the note was delivered pursuant to a condition precedent, to wit: payment of $1,500 by the purchasers on June 7, 1952.

 We have long recognized the rule that a collateral oral agreement limiting the liability of the maker of an unqualified promise to pay, is not available as a defense. *Van Tassel v. McGrail*, 93 Wash. 380, 160 Pac. 1053. In *Whitman Realty & Inv. Co. v. Day*, 161 Wash. 72, 296 Pac. 171, we said:

"If a contemporaneous oral agreement, depending on the happening of a condition subsequent, could defeat recovery

on a note, the rule which provides that a written instrument cannot be varied by parol evidence, would be abolished."

On the other hand, we have many times held that parol evidence is admissible to show that a written instrument is not to become a binding obligation except upon the happening of a certain event. Such evidence does not vary or contradict the terms of the written instrument. It merely shows what must occur before the agreement is to take effect. This rule is quite often applicable with regard to negotiable instruments. See *Nelson Equipment Co. v. Goodman,* 42 Wn. (2d) 284, 254 P. (2d) 727, for a list of Washington cases on this subject.

*First Methodist Episcopal Church v. Soden,* 131 Wash. 228, 229 Pac. 534, was an action on a promissory note signed by Soden. Soden defended on the ground of conditional delivery. He contended that he was in the butcher business in Ellensburg, but had contemplated selling his business and moving away; that he had been approached many times about making a pledge to the church; that he told the solicitor of his plans and stated as he signed the note that if he sold out the note would be no good. We held that the note was delivered upon an agreed condition precedent that it would not be a binding obligation if he moved away. We quoted the text of 1 Joyce, Defenses to Commercial Paper (2d ed.) at § 486, as follows:

" 'Although it is held in many cases that a delivery of a note to the payee by the maker will operate as an absolute delivery, notwithstanding it is agreed that its taking effect is dependent upon a condition or contingency, on the ground that such an instrument can not be delivered as an escrow to the payee, yet the weight of authority supports the rule that in an action by the payee of a note against the maker, the latter may show that he delivered the instrument to the payee, it being agreed that it should not take effect until the happening of a certain contingency or the performance of a certain condition and that neither the contingency has occurred nor the condition been performed. "Such parol evidence does not contradict the note or seek to vary its terms. It merely goes to the point of its nondelivery. The note in its terms is precisely what both the maker and the

payee intended it to be. No one desires to vary its terms or to contradict them." So it is said in another case: "Of, course, no rule is more elementary than that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. But the rule is almost equally well settled that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under the written instrument. This is not to vary a written instrument, but to prove that no contract was ever made, that its obligation never commenced." ' "

Even in that case, Chief Justice Main dissented, contending that the note was delivered and became a binding obligation which was only to be defeated upon a condition subsequent, to wit, Soden's removal from Ellensburg.

It is often quite difficult to determine on the facts whether a contract in writing is delivered upon a condition precedent or subsequent. To quote a well known saying, "It is six of one and half a dozen of the other." We held in *Dickson v. Protzman*, 123 Wash. 247, 212 Pac. 249, that the condition precedent must be a condition precedent to the contract becoming a valid obligation and not merely precedent to its payment, to render parol evidence admissible. We think the test is this: If the parties agree that the contract shall not be a binding obligation until some event occurs, it is delivered upon a condition precedent. On the other hand, if it is agreed that the contract will cease to be binding if some event occurs in the future, then it is delivered upon a condition subsequent, and parol evidence of the agreement would not be admissible because it would vary the terms of and contradict the written contract.

With the above test in mind, let us consider the testimony. The original plan was to pay the five per cent commission out of the $2,500 down payment. The purchaser could pay only $1,000 down. Fleming wanted to take his entire commission out of the $1,000. August told him that he would not agree and that the deal was off. It was then agreed that Fleming would get $200 from the $1,000 payment and $375, the balance of the commission, from the

$1,500 payment on June 7th. The note in question did not provide for payment "on or before June 7, 1952"; it provided for payment "On June 7, 1952." The other payments on the contract were to be made annually and to commence a year hence.

We are convinced, from the entire record, that the original payment of $1,000, together with the $1,500 to be paid June 7th, constituted the down payment; that the payment of the commission was to be limited to the down payment; and that the parties understood and agreed that the obligation to pay under the note was not to become binding until the entire down payment was made. The delivery of the note was conditioned upon a condition precedent.

The judgment is affirmed.

DONWORTH, OTT, FINLEY, and ROSELLINI, JJ., concur.

[1]Reported in 291 P. (2d) 653.