[No. 34280.   Department Two.   November 21, 1957.]

LEMPCO PRODUCTS, INC., *Appellant*, v. LEONARD T. PHILLIPS *et al., Respondents.*[1]

*Eddleman & Wheeler (Arnold B. Robbins*, of counsel), for appellant.

*Frederick W. Post*, for respondent.

MALLERY, J.—The plaintiff's agent and the defendants entered into an oral agreement for the delivery of a piston-reamer machine on trial, which the defendants agreed to buy if it proved satisfactory.

The defendants found the machine unsatisfactory, and this action was brought to recover the purchase price. From a judgment for the defendants, the plaintiff appeals.

The appellant introduced a "sales order" in evidence, which was executed at the time of the delivery of the machine and was signed by the respondent Leonard T. Phillips.

[1]Reported in 317 P. (2d) 1060.

The appellant contends that the written "sales order" is integrated with the oral contract, and that the absence of a provision therein for trial and approval of the machine results in the sale being absolute.

The appellant then argues that the oral testimony regarding the trial of the machine contradicts the "sales order" and is inadmissible under the parol evidence rule.

The trial court admitted testimony to the effect that the respondents had a right to try out the machine as a condition precedent to the conclusion of a sale.

■ If an oral condition is in fact a *condition precedent* to the formation of a contract, oral testimony regarding it is not barred by the parol evidence rule. In *Fleming v. August*, 48 Wn. (2d) 131, 291 P. (2d) 639, we said:

"We think the test is this: If the parties agree that the contract shall not be a binding obligation until some event occurs, it is delivered upon a condition precedent. On the other hand, if it is agreed that the contract will cease to be binding if some event occurs in the future, then it is delivered upon a condition subsequent, and parol evidence of the agreement would not be admissible because it would vary the terms of and contradict the written contract."

■ The trial court's finding that the respondents had a right to try out the machine and was a condition precedent to a binding contract is supported by the record. Accordingly, we hold that the parol evidence rule did not bar the admission of the evidence in question.

■ The appellant contends the court erred in admitting evidence of the existence of defects in the machine at the time it was delivered, for the reason that they were not pleaded and, hence, were not an issue in the case.

We think the evidence was relevant to the question of the reasonableness of the respondents' dissatisfaction with the machine, a satisfactory tryout of which was the condition precedent to the sale.

The judgment is affirmed.

HILL, C. J., DONWORTH, ROSELLINI, and FOSTER, JJ., concur.

January 24, 1958. Petition for rehearing denied.