PROVIDENCE WIRE WORKS, INC. *et al. vs.* H. T. MULRY *et al.*

DECEMBER 4, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J.  This is a petition for certiorari brought to review a decision of the district court of the sixth judicial district wherein a nil dicit judgment was entered against Frank W. Eldridge and charged the petitioner, Providence Wire Works, Inc., as garnishee.  We issued the writ and in compliance therewith that court duly certified the pertinent records to us for our inspection.

It appears therefrom that on January 6, 1956, H. T. Mulry, hereinafter referred to as respondent, obtained a judgment in the district court against Frank W. Eldridge. Thereafter, on November 7, 1956, respondent issued a writ of attachment with an ad damnum of $1,000 against said Eldridge in an action of debt on judgment and therein named Providence Wire Works, Inc., hereinafter referred to as the petitioner, as garnishee.

The petitioner filed a garnishee's affidavit on November 15, 1956 setting forth that at the time of the service of the writ upon it defendant Eldridge in the aforesaid case was owed the sum of $32.21, $30 of which was exempt from attachment under law.  On November 30, 1956, defendant Eldridge did not answer the case and was defaulted.

A writ of mesne process issued out of said court on December 10, 1956, ancillary to the original writ of attachment, pursuant to which petitioner was again served as garnishee. The petitioner then filed another garnishee's affidavit, again setting out that defendant Eldridge was owed the sum of $32.21 by it, $30 of which was exempt from attachment.

Some five years later, on October 20, 1961, a second writ of mesne process issued out of the district court, purporting to be ancillary to the original writ of attachment of November 7, 1956. The ad damnum on this writ, however, was $100. No garnishee's affidavit was filed in response thereto by petitioner. The petitioner alleges that it was never served but does not press this contention and in light of the ruling in *N. Angell & Son* v. *Bowler,* 3 R. I. 77, this allegation unsupported by proof avails it nothing.

An affidavit in proof of claim was filed by respondent Mulry on June 8, 1962, and on the same date a nil dicit judgment for $1,000 plus costs was entered against defendant Eldridge in favor of respondent Mulry. The petitioner was charged with the same amount for its failure to file a garnishee's affidavit. An execution issued on June 14, 1962, but was returned unsatisfied.

On September 12, 1962 respondent commenced an action at law for said amount in the superior court against petitioner under the authority of G. L. 1956, §10-17-15, which action resulted in a nil dicit judgment being entered on November 2, 1962 against petitioner in the amount of $1,-034.95 plus costs. An execution on this judgment was returned February 1, 1963 unsatisfied.

On March 21, 1963, being within six months of the entry of said nil dicit judgment, the motion of petitioner herein, defendant therein, to vacate said judgment on the grounds of "accident, mistake and unforeseen cause" was denied and petitioner duly gave notice of its intention to file a bill of exceptions. On June 5, 1963, we granted without objection respondent's motion to supplement the record by adding thereto the papers in the superior court case of H. T. Mulry v. Providence Wire Works, Inc., No. 168037. Our action in this regard was improvident, however, since the writ issued only to the district court and could not bring up the record of the superior court proceedings. Those proceedings therefore are not presently before us.

The petitioner contends that the ad damnum on the second writ of mesne process being for $100, it was misled and said ad damnum never having been increased by the district court—indeed no motion therefor ever having been made—that court acted in excess of its jurisdiction in entering judgment against it as garnishee for an amount in excess of $100.

In our judgment there is merit in this contention. It is elementary that a court is without jurisdiction to give judgment for an amount in excess of that set forth in the ad damnum. The petitioner was entitled to rely on the face of the process and service by a constable, consenting to be charged in accordance with the ad damnum therein set forth, and any contention by respondent that petitioner was mistaken in this belief is without merit since petitioner was clearly misled by respondent's error, if error it was.

In *Quaglieri* v. *Venditti*, 40 R. I. 537, a writ of assumpsit issued out of the district court of the sixth judicial district, the ad damnum being $100, and service was made by a constable. After several continuances the ad damnum was raised to $300 on the plaintiff's motion, and judgment was entered against the defendants for $150. After a trial in the superior court on appeal, a jury returned a verdict of $186, to which the defendants duly excepted, their sole exception raising the question as to whether an ad damnum of $100 in a district court writ served by a constable can be afterwards raised to $300 in view of G. L. 1909, chap. 299, sec. 7, now G. L. 1956, §9-5-10, the pertinent parts of which read as follows:

> "* * * writs and executions issued by a district court * * * in actions wherein the debt or damages demanded exceed one hundred dollars ($100), shall be directed to the sheriff or his deputies in the county in which such action shall be brought, and service thereof shall be made by such sheriff or his deputies."

This court held therein that the district court did not ex-

ceed its jurisdiction in granting the motion to increase the ad damnum, stating at page 539:

"It may be argued, as the defendants suggest, that a plaintiff might be enabled in such a case to evade the provision of the statute, but we do not see much force in such an argument. There would be very little inducement for a plaintiff to intentionally place his *ad damnum* below the amount of his claim and then go to the trouble, and possibly incur expense, of obtaining an increase at some later period; besides the matter of increasing the *ad damnum* is within the discretion of the court before whom the application is made and if it should appear that the plaintiff had not been acting in good faith the court would not be obliged to grant his motion."

Here, however, the ad damnum was not increased, and the aggrieved party was not principally responsible for the sum allegedly due respondent. It, as heretofore observed, could sit idly by and consent to be charged for the amount claimed by respondent in his writ. The action of the district court being in excess of its jurisdiction, the judgment for $1,000 plus costs against petitioner as garnishee was invalid and the execution issued pursuant thereto without legal significance.

The respondent contends, however, that the petitioner is improperly before this court because certiorari does not lie to review errors of law, citing *Broley* v. *Superior Court*, 42 R. I. 253. We are in accord with the principle enunciated in that case and in the cases to which it refers, but the respondent takes nothing thereby. The thrust of the writ in the instant proceedings is to the jurisdiction of the district court and an abuse of jurisdiction appearing on the record this court will act to correct it by way of certiorari. *White* v. *White*, 70 R. I. 48.

The petition for certiorari is granted, the decision of the district court of the sixth judicial district in excess of $100 and costs is quashed, and the records in the case which have

been certified to this court are ordered returned to said court with our decision endorsed thereon.

### ON MOTION FOR REARGUMENT.

DECEMBER 20, 1963.

PER CURIAM. After our opinion in the above case was filed, the respondent H. T. Mulry asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, stating therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and we are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Charles A. Curran, Harold I. Kessler,* for petitioners.

*Pontarelli & Berberian, Aram K. Berberian,* for respondents.