Argued and submitted March 25, reversed and remanded for entry of judgment for plaintiff November 2, 1988, reconsideration denied January 13, petition for review denied February 14, 1989 (307 Or 405)

# LANTZ,
## *Appellant,*

*v.*

# SAFECO TITLE INSURANCE COMPANY OF OREGON,
## *Respondent.*

## (86C-11290; CA A45032)

763 P2d 744

Dale L. Crandall, Salem, argued the cause and filed the briefs for appellant.

Alan K. Brickley, Portland, argued the cause and filed the brief for respondent.

Joseph S. Voboril, Vicki A. Ballou and Tonkon, Torp, Galen, Marmaduke & Booth, Portland, filed a brief *amicus curiae* for Oregon Land Title Association.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action against defendant, the trustee under a deed of trust of which plaintiff claims her decedent was the beneficiary, for breach of contract, breach of fiduciary duty and negligence. She claims that defendant reconveyed the real property subject to the deed of trust without plaintiff's decedent having been paid in full for the debt secured and without authority to reconvey. The trial court, sitting without a jury, ruled for defendant. We reverse.

Plaintiff is the personal representative of the estate of Reta D. Moore (Moore). In 1983, Moore sold real property to Smith. The transaction was closed in escrow with Safeco. Smith deposited an executed promissory note payable to Insured Investments, Inc. (Insured), and a trust deed securing that note, under which Insured was the beneficiary. Moore deposited an executed warranty deed, with instructions to deliver it to Smith when Safeco had received an executed "beneficial assignment" of the note and trust deed to Moore. Insured executed a written assignment to Moore of both the note and its beneficial interest under the trust deed. The record is silent as to why the transaction was structured in this manner. Defendant Safeco was not only the escrow agent for the closing but was also the trustee under the trust deed and had actual notice of the assignment from Insured to Moore. There is nothing in the record authorizing Smith to make payments to anyone other than Moore, or authorizing anyone to receive payments for Moore or to act on her behalf.

In 1984, Safeco received a letter from Esther Higdon of U and I Investment (U & I), stating that the note had been paid in full and requesting reconveyance of the property covered by the trust deed. The letter was accompanied by the original note and trust deed. The note was not indorsed but was stamped "paid in full." The request for full reconveyance was signed by Douglas Hoppel, who is not identified in any way, except by the word "beneficiary" printed under his name. The correspondence contained no other information indicating that Higdon, Hoppel or U & I were in any way connected with either Moore or Insured. Nonetheless, the Safeco agent receiving the letter, who was also the agent who handled the closing escrow, made no inquiry and summarily reconveyed the property to Smith. Moore was never paid the money owed

to her under the note and lost her security interest by virtue of the reconveyance.

The court's general finding in favor of defendant is equivalent to a jury verdict, and cannot be set aside if it is supported by any substantial evidence. *Montgomery v. Wadsworth Plumbing,* 278 Or 455, 564 P2d 703 (1977). Because we conclude that the evidence, as a matter of law, entitles plaintiff to a judgment against defendant, we reverse.

The facts are essentially uncontroverted. The only factual dispute appears to be whether U & I is the same company as Insured. The only evidence on this question came from a Safeco employe who stated that she believed that they were "basically the same operation" based on her knowledge of many customers in the area. Plaintiff's objection to that testimony on hearsay grounds appears to have been sustained. The witness was then asked if she had seen Hoppel's name before, and she said that she did not recall. There is no evidence that U & I and Insured were the same company. Neither is there any evidence that U & I, Insured or Hoppel had authority to act as Moore's agent in requesting reconveyance.

The trust deed provides that, "upon written request of the beneficiary, trustee may * * * reconvey all or part of the property." Similarly, ORS 86.720 provides that "the trustee, upon written request of the beneficiary, shall reconvey the estate of real property described in the trust deed to the grantor." Neither of those provisions permits the trustee to reconvey upon presentment of the note and trust deed. The trustee was only authorized to reconvey if it received a written request from the beneficiary or someone authorized to act on her behalf.

Defendant argues that, because U & I was the holder of the note and trust deed, it was the beneficiary. ORS 86.140 provides: "The owner and holder of the promissory note referred to in ORS 86.110 is deemed the personal representative of the mortgagee for the purposes of this section." ORS 86.715 provides: "For the purpose of applying the mortgage laws, the grantor in a trust deed is deemed the mortgagor and the beneficiary is deemed the mortgagee." Defendant contends that those statutes, construed together, compel the conclusion that the holder is the beneficiary. However, ORS 86.140 requires that the holder must also be the owner in order

to be the beneficiary, and there is no evidence that defendant was the owner. No reason has been given why the holder of a note should also be considered the owner when, as here, the record shows that another is the owner.

Defendant contends that Moore negligently failed to take possession of the note and trust deed and therefore must bear the loss. It relies on *United States Nat. Bank v. Holton,* 99 Or 419, 195 P 823 (1921), where Holton assigned the same note and mortgage to two different parties, neither of whom had notice of the other assignment. The court held that the one having possession had priority, stating that, although the assignee not in possession was an owner of the note, his rights were subject to those of the assignee in possession. The holder of the note in that case was also an owner of the note. The case, therefore, has no application here, because there is no evidence that U & I was assigned an ownership interest in the note or that Moore had reassigned the note to Insured. The case does establish, however, that ownership is not based on mere possession and further operates to defeat defendant's contention that U & I was the owner. U & I, therefore, was not the beneficiary, and Safeco was not authorized to reconvey at its request.

◼ Finally, defendant argues that, under the Uniform Commercial Code, payment to a holder of an instrument discharges the instrument. The UCC defines a holder as "a person who is in possession of * * * an instrument * * * issued or indorsed to the person." ORS 71.2010(20). Although the note initially was "issued" to Insured, there is no evidence that U & I is the same company as Insured, and the note was neither issued nor indorsed to U & I. Therefore, the record does not show that U & I was the holder within the meaning of the UCC.

Because there is no evidence showing that either Insured, U & I or Hoppel was authorized to act on behalf of Moore or that any of them was the owner and holder of the note or the beneficial interest under the trust deed, at the time request for reconveyance was made,[1] there was no evidence to

---

[1] *Amicus* urges us to permit a trustee under a deed of trust to assume that the person who is both the original payee on the note and the beneficiary under the deed of trust has authority to request reconveyance. Its rationale is that the trustee ought not be required to search its own records or the public records to determine that the

support the judgment for defendant. Plaintiff is, therefore, entitled to judgment.

Reversed and remanded for entry of judgment for plaintiff.

---

request is proper. Even if there is merit to that argument, there is no reason why a trustee should not be obligated to require the one requesting reconveyance to document the authority to do so.

In any event, on the record in this case, it appears that the practice was sloppy and cannot be justified on any theory of accommodating reasonable commercial practices.