[No. 22403-4-I.  Division One.  August 21, 1989.]

LEWIS SCOTT, ET AL, *Respondents,* v. GLENN WALL, ET AL, *Appellants.*

*J. Robert Leach* and *Nielsen, Nielsen & Leach,* for appellants.

*G. William Shaw* and *Shidler, McBroom, Gates & Lucas,* for respondents.

WINSOR, J.—Glenn and Gloria Wall (Wall) appeal an order granting partial summary judgment to Lewis and Janet Scott (Scott) in an action to enforce a promissory note. We reverse.

On May 31, 1986, Wall entered into a contract with Scott to purchase and operate Wall's restaurant. Paragraph 10 of the purchase agreement provided:

> This offer is subject to and contingent upon the ability of the purchaser to negotiate an acceptable lease for not less than 3 years . . . for the existing location of the restaurant. If such a lease cannot be obtained, this agreement shall be null and void and not binding on purchasers.

The agreement also provided that $15,000 cash was due on closing, with the balance of $45,000 to be paid under a promissory note.

Wall was unable to negotiate a lease by the closing date. According to Wall, Scott was anxious to close the deal and orally promised that if Wall would sign the closing documents, Scott would return the down payment and release Wall from the transaction should Wall fail to subsequently obtain an acceptable lease. Relying on Scott's promise, Wall

signed the necessary closing documents, including the $45,000 promissory note.

Wall was unable to negotiate an acceptable lease, and after making several monthly installments, defaulted on the note. Scott filed suit seeking, among other remedies, to collect the accelerated amount owing on the note. As an affirmative defense, Wall pleaded that the note and agreement were null and void because no acceptable 3–year lease was negotiated. On Scott's motion for partial summary judgment to enforce the note, the trial court entered judgment for Scott. Wall appeals, contending that the note is not a binding, enforceable obligation because it was delivered conditionally and its enforceability was contingent on Wall obtaining a lease.

### EFFECT OF THE UNIFORM COMMERCIAL CODE
### ON ENFORCEABILITY

Scott asserts that the note in question stands alone as an unconditional, enforceable, obligation to pay because it meets all requirements of a negotiable instrument under RCW 62A.3–104. Scott also relies on RCW 62A.3–105(2)(a)[1] to establish the unconditional nature of the note. This U.C.C. section provides that "[a] promise or order is not unconditional if the instrument . . . states that it is subject to or governed by any other agreement". Scott contends that under RCW 62A.3–105(2)(a), Wall's failure to reference the alleged collateral lease–contingency agreement on the face of the note defeats Wall's contention that the note was delivered conditionally.

Scott misconstrues the issue presented in this case as well as the U.C.C. The issue presented is not whether the note's promise to pay was unconditional, but whether that promise was to become binding only on the occurrence of a certain event, i.e., whether the note was delivered conditionally. The U.C.C. expressly recognizes the defense of

---

[1]Scott incorrectly cites the provision as RCW 62A.3–105(a). From the context of Scott's argument, we presume that Scott refers to RCW 62A.3–105(2)(a).

conditional delivery to an action for payment on a promissory note. RCW 62A.3–306(c) provides:

> Unless he has the rights of a holder in due course any person takes the instrument subject to
>
> . . . .
>
> (c) the defenses of . . . non–performance of any condition precedent, non–delivery, or delivery for a special purpose . . .

Scott is not a holder in due course, *see* RCW 62A.3–302, and Wall may therefore assert the defense of conditional delivery.

■ Although no reported Washington case construes RCW 62A.3–306(c), other jurisdictions hold that this section is a summary of pre–U.C.C. rules of contract law. *See, e.g., Ventures, Inc. v. Jones,* 101 Idaho 837, 623 P.2d 145, 149 (1981) (rule that a note delivered subject to a condition does not become enforceable until the condition is fulfilled, has continued application under the U.C.C.); *Evenson v. Hlebechuk,* 305 N.W.2d 13, 17 (N.D. 1981) (defense of nonfulfillment of a condition precedent to a promissory note applicable to post–U.C.C. cases). We agree, and therefore hold that the law regarding conditional delivery of a negotiable instrument is not modified by the U.C.C.

### Admissibility of Evidence Concerning Conditional Delivery

Washington courts traditionally admit evidence "to show that a negotiable instrument, absolute in form, though delivered to the payee, is not to become a binding obligation except upon the happening of a certain event." *Nelson Equip. Co. v. Goodman,* 42 Wn.2d 284, 286–87, 254 P.2d 727 (1953); *accord, Blaine v. Darwin,* 160 Wash. 327, 331, 295 P.2d 131 (1931). Whether a note was intended to be conditional is a question of fact. *Vogt v. Hovander,* 27 Wn. App. 168, 179, 616 P.2d 660 (1979). Scott seeks to avoid these rules by contending that here, evidence pertaining to the conditional nature of the note at issue is barred by the parol evidence rule. Scott's attempt fails.

■ The parol evidence rule excludes extrinsic evidence that varies or contradicts the terms of a valid, written contract. *Truck–Trailer Equip. Co. v. S. Birch & Sons Constr. Co.,* 38 Wn.2d 583, 590, 231 P.2d 304 (1951); *Bond v. Wiegardt,* 36 Wn.2d 41, 47, 216 P.2d 196 (1950). The rule applies only when the parties intended the written contract to be a final integration of their agreement. *Emrich v. Connell,* 105 Wn.2d 551, 556, 716 P.2d 863 (1986). Thus, in Washington, "a collateral oral agreement limiting the liability of the maker of an unqualified promise to pay, is not available as a defense." *Fleming v. August,* 48 Wn.2d 131, 133, 291 P.2d 639 (1955). Parol evidence is admissible, however,

> to show that a written instrument is not to become a binding obligation except upon the happening of a certain event. Such evidence does not vary or contradict the terms of the written instrument[, but] merely shows what must occur before the agreement is to take effect.

*Fleming,* at 134. In other words, when conditional delivery is at issue, parol evidence is admissible to determine whether the instrument ever became a binding obligation.

Because the extrinsic evidence at issue here was offered to establish the conditional nature of the parties' promissory note, we hold that it is not barred by the parol evidence rule.

### SUMMARY JUDGMENT

■ We next consider whether, given Wall's evidence concerning the conditional nature of the promissory note, summary judgment was properly granted. Construed in the light most favorable to Wall, the nonmoving party, *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982), we conclude that the evidence offered to the trial court raises a genuine issue of material fact whether Wall's obligation on the note was conditional. Because conditional delivery of a promissory note is a valid defense in an action for payment

between original parties to the note, and because parol evidence is admissible to prove the existence of such a condition, we hold that summary judgment was improperly granted here.

### ATTORNEY FEES

Both Scott and Wall contend they are entitled to attorney fees under RCW 4.84.330. This statute provides:

> [W]here [a] contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> . . . .
>
> As used in this section "prevailing party" means the party in whose favor *final judgment* is rendered.

(Italics ours.) The promissory note at issue contains the following provision:

> If suit is brought on this note, or if it is placed in the hands of an attorney for collection, after any default in any payment, the undersigned promise(s) and agree(s) to pay all costs of collection, including attorney's fees, incurred thereby.

Because we reverse the trial court's granting of Scott's motion for partial summary judgment, thus requiring further proceedings, no determination as to attorney fees can be made, as it is not yet known who will be the "prevailing party" within the meaning of the statute.

Reversed.

GROSSE, A.C.J., and WEBSTER, J., concur.